His Honor, CHARLES F. CLAIBORNE,
rendered the opinion .and decree .of the Court, as follows:
This is a suit for the price of flour which the defendant refused to accept.
The plaintiff is domiciled in the City of Wichita., Kansas. It alleges that by a written contract made in New Orleans on May 29th, 1915, through its agent, W. E. Perry, it sold to the defendant 165 barrels of flour at $6.40 a barrel, deliverable in New Orleans, said barrels to be shipped at once in 330 sacks of 98 pounds each; the sacks were to be ordered by petitioner for account of the defendant from the Bemis Bag Company of Kansas City which was to brand them with defendant’s own brand “La Vittoria” and deliver them to petitioner; the *400 term of payment being cash by draft, bill of lading .attached; that as soon as it received said sacks, petitioner filled and shipped them to New Orleans, where they arrived on June 14th, 1915; that the defendant refused to accept said flour or to pay for the same; that thereupon, plaintiff, after putting defendant in default, sold said flour on June 22 for the price of $5.20 a barrel, or at a loss of $198; that it also paid storage from June 14 to June 24 or $9.24 .and the regular commission for selling said flour is ten cents per barrel or $16.50, making a total of $223.74 which it claims from the defendant with legal interest from judicial demand.
The defendant admitted the contract, and his refusal to accept the flour, for the following reasons: “that the said contract expressly stipulated that said flour should be shipped “at once;” that said contract also required that said flour should be put into sacks from the Bemis Bag Company of Kansas City, Missouri; that the plaintiff herein breached said contract in that it neglected to order said sacks from the Bemis Bag Company “.at once” in accordance with the terms of said contract; .that in consequence of said neglect and dilatory conduct on the part of plaintiff herein said flour, although ordered on May 29th, 1915, was not shipped from Wichita, Kansas, until June 8th, 1915, and in consequence of said delay and negligence on the part of plaintiff said flour did not reach the City of New Orleans until June 14th, 1915; that defendant had purchased said flour for the purpose of resale; that if said flour had been shipped “at once” according to the custom of the trade, it would have reached New Orleans on or about June 8 up to which time he could have sold it at a prifit; that after June 8th the market in New Orleans went down and he would no-t have *401 been able to sell without a loss; that he wired plaintiff on June 9th, cancelling the order on the ground that the shipment had not been made according to contract.
There was judgment for plaintiff and defendant has appealed.
The case turns upon the question whether plaintiff used due diligence under the circumstances. Wm. E. Perry testifies that he got the order for the flour at about three o’clock in the afternoon; he transmitted the order by mail; the defendant did not instruct him to ship at once, he put that in the order himself; the defendant did not tell him he was in any particular hurry for the flour; he has sold several thousand barrels in his business .and he has never wired an order; the order to ship “at once” means within three days, including the day of the order, provided the mill could get the sacks from the Bemis 'Company and a car to’ship the flour; the custom is to ship bags by freight and to write and not wire las express and telegraph are more expensive. The plaintiff shipped the bags the next day after they received them; it could not have been done more quickly; the flour reached New Orleans in about fifteen days after the order w.as received; ordinarily it takes much longer.
C. H. Vilm, the manager- of the plaintiff corporation, testifies that he executed the order of defendant; on receipt of specifications from Mr. Perry he at once gave the order for the bags to Mr. Adam Imboden, agent of the Bemis Bag Company at Wichita; the order for the bags wenr by mail because the sample bag had to more through the mails to Eansas City, and the bags made and printed by the Bag Company and then shipped to the plaintiff’s mill at Wichita; the bags were delivered to them on Saturday, June 5, at about noon; they started to run the flour into them at once; they shut down on Sun *402 day morning; they resumed on Monday June 1, and on the same day they delivered the bags to the railroad company; the phrase “ship at once” means that the miller must ship as soon as possible allowing' a reasonable length of time to secure bags, if they be by special order, to make the flour and to load the same; there was no delay in this case, only nine days intervened between the date of the order and the date of the shipment; if they had received Mr. Guarino’s bags on May 29 they could have shipped before June 1st.
The defendant testifies that he told Mr. Perry to ship at once; that “at once” means within three days under any and all circumstances without any exception whatever; that Mr. Perry should have wired the order to the plaintiff, and the plaintiff should have wired to the bag company, and the bag company should have sent the bags to the plaintiff by express; the Bemis Bag ’Company has three of his brands or plates to make bags for him, and when he orders flour from any mill which he wants bagged under any private brand, he has the miller order the bags from the bag company; on June 9 he wired the plaintiff to cancel,the order since they could not make immediate shipment; he did not instruct Mr. Perry to send in the order by wire; when ordering a rush shipment he has it done by wire, not by mail; that is the first transaction he had with the plaintiff; before he wired to cancel the order Mr. Perry had told him the flour had been shipped.
Charles De¡ Turk, for defendant, testifies thajt “at once” means within three days from the date the specifications are received by the mill; the order is wired, specifications follow by mail; it takes all the w.ay from five to thirty days to get flour from Kansas points; the mill takes the chance of getting the bags from the bag company; the rules of the Board of Trade require the *403 order to be filled within three days and he knows of no exception.
H. M. Stevens, Benjamin Compagno and H. H. Daniel, for defendant, all testify, that “at once” means within three days from receipt of order when the mill has the bags; bnt each ha.s his own theory as to what it means when the mill must procure bags from another place.
C. F. Sco.tt, sales manager of the Bemis Brothers Bag Company at Kansas City, for defendant, testified that they have been doing business with defendant for about a year; that he authorized them to honor orders from certain mills for bags with his private brands “La Vittoria” and “.Invincible;” that it takes them from one to ten days to supply a demand of 380 sacks with a private brand, depending on- the state of their business at the time the order is received; they received by mail on a regular order form from their Wichita office on June 2nd, at about 9:30 A. M., the order for the bags in this case, they prepared to fill the order at once, and shipped the bags on June 3rd, by freight; the bags were to be paid for by plaintiff; express is a little quicker; they do not ship by express unless particularly requested and the customer pays the difference in charges; a shipment by express from Kansas City would be ' in Wichita next morning; by freight some time next day, but would be delivered only on the morning of'the second day; an order to ship ‘ ‘ at once ’ ’ would mean by freight, but as bags are ■heavy, by express would be expensive, and millers will not'stand the excess in cost.
Section 18 of the Rules of the New Orleans Board of Trade governing shipment of flour provides:
“ ‘immediate’ within three days from date of receipt of shipping instructions, including day instructions are received.”
*404 This suit is based entirely upon the charge of the “negligence and dilatory” methods employed, first, by the defendant’s'agent Perry in transmitting the order to the plaintiff in Wichita by mail instead of by wire; second, by the plaintiff, in ordering the sacks from the bag company; third, by the bag company in shipping the bags to the plaintiff, and fourth, by the plaintiff in executing the order.
1st.- The testimony does not establish that it was the duty of Mr. Perry to have wired the order for the flour. Commercial transactions are carried on by mail as a usual and ordinary method; the telegraph is an extraordinary and unusual mode. If defendant had intended or desired that Perry should have used the telegraph, he should have so instructed him or- stated to him reasons for unusual expedition. Mr Perry knew that by transmitting his order by mail, the mill would have been able to perform its part of the contract within three days, and therefore he had no reason to resort to the more expensive and unreliable method of the telegraph. In the case of Bloomfield vs. Jones, 2 A., 936, the Supreme Court held that the sheriff was not liable for serving a citation, in the ordinary course .of the business of his office, but after prescription had accrued, unless plaintiff had previously warned him of the necessity of making an early service in order to interrupt prescription.
2nd. On the very day that plaintiff received the order, it left with the agent of the bag company at Wichita the order for the bags. That was equivalent to giving the order to the company itself. Plaintiff could not have been required to do any more.
3rd. The plaintiff cannot be held responsible for the manner in which the. agent of the bag company ordered *405 the hags, nor for the manner in which the hag company executed its order or shipped the bags to the plaintiff by freight or express. The bag company was the agent of defendant in preparing and delivering the bags. It received its orders from defendant and not from plaintiff, except in so far as it had been authorized to honor a demand by plaintiff for bags for the defendant. If defendant had desired the bag company to fill the orders in which he was concerned in any particular manner, it was a matter with which plaintiff had nothing to do.- Its duty was fulfilled the moment it had transmitted the order., The manner of executing it rested with the bag company.
Opinion and decree, May 8th, 1916.
4th. As'soon as the plaintiff had received the bags from the defendant’s agent, it proceeded to- fill them. It was a physical impossibility for them to have done so prior to that time, -and any interpretation which would have required them to do so earlier would be unreasonable. All customs, usages and rules are subjected in their interpretation to the laws of reason. From this point of view, the custom or rule requiring an order for the delivery of flour “immediately” or “at once” to be filled within three days means within three days when the bags are to be furnished by the mill, but within three d-ays from the delivery of the bags to the mill when they are to be supplied by the purchaser or his agent.
The learned Judge of the trial Court was of this opinion and we think he was' right.
Judgment affirmed.